## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CHARLES PATE, for himself and on
behalf of those similarly situated,

    Plaintiff,      CASE NO.:  6:18-CV-00237-GAP-TBS

vs.

SMC SYSTEMS, INC., a Florida Profit
Corporation, d/b/a, SKYETEC,

    Defendant.
_____/

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

  Plaintiff, CHARLES PATE ("Plaintiff"), for himself and on behalf of those similarly situated, by and through his undersigned counsel, files this Amended Complaint against Defendant, SMC SYSTEMS, INC., d/b/a SKYETEC a Florida Profit Corporation ("Defendant" or "Skyetec") and states as follows:

### JURISDICTION

  1.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

  2.  The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

  3.  Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendant resides and regularly conducts business in this judicial district.

## PARTIES

4.      At all times material to this action, SKYETEC was, and continues to be, a Florida profit corporation.  Further, at all times material to this action, SKYETEC was, and continues to be, engaged in business in Florida, with its corporate office in Jacksonville, Florida.

5.      At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

6.      At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

7.      Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

8.      At all times material to this action, Defendant SKYETEC was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced by any person" within the meaning of the FLSA.

9.      Based upon information and belief, the annual gross revenue of Defendant SKYETEC was in excess of $500,000.00 per annum during the relevant time periods.

10.     At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

11.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

2

**STATEMENT OF FACTS**

12.     In May 2016, Defendant hired Plaintiff to work as a salary-paid field inspector.

13.      Plaintiff's job duties included, but were not limited to, taping up AC vents, and recording numbers off of fans.

14.     Plaintiff did not supervise any employees.

15.     Plaintiff did not exercise any independent judgment with respect to matters of significance to Defendant.

16.     Plaintiff's work was primarily manual field work.

17.     Other Field Inspectors have the same job duties as Plaintiff.

18.     Other Field Inspectors working for SKYETEC during the three years preceding the filing of the complaint in this matter were also paid a salary, performed manual work, did not exercise independent judgment as to matters of significance, and did not supervise employees.

19.     At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

20.     From May 2016 to at least January 2017, Defendant failed to pay Plaintiff any overtime premiums at all for hours worked in excess of forty (40) hours in a single workweek.

21.     The pay policy and practice during this time, which led to this failure, and which was equally applicable to all Field Inspectors, was SKYETEC's uniform policy of misclassifying Field Inspectors as "exempt" employees under the FLSA, and neither recording nor paying premiums for overtime hours on that basis.

22.     As such, through at least the end of December of 2016, SKYETEC only paid Plaintiff and other Field Inspectors their salary, with no overtime premium, despite the fact that

they qualified for no exemption and worked many overtime hours

23.     Plaintiff complained to Defendant's Central Human Resources department in September 2016 regarding the failure to pay overtime.

24.     In September 2016, Defendant's Human Resources department told Plaintiff that they were working on setting up overtime payment for the following year.

25.     In January 2017, Defendant communicated to Plaintiff and other Field Inspectors that they were going to be paid hourly, but in an amount that would be the same each week for all hours up to fifty hours.

26.     Defendant required Plaintiff and other Field Inspectors to begin recording their time beginning January 2017.

27.     Throughout their employment, Plaintiff and other Field Inspectors were required to unload their trucks each night. This involved removing equipment, such as vent caps, canvas doors, ladders and infrared cameras from the trucks.

28.     Despite the fact that Plaintiff and other Field Inspectors were required to unload at the end of their drive home from the final jobsite, they were not permitted to record this drive time on their time records, unless the last site was considered to be out of their normal working area.

29.     Because Plaintiff and other Field Inspectors required to unload at the end of their final drive each day, this time is compensable.

30.     Defendant controlled the number of hours Plaintiff and other Field Inspectors worked each week.

31.     After January 2017, Plaintiff and other Field Inspectors routinely worked over fifty hours per week, without receiving any overtime premiums for hours from forty to fifty in a

workweek.

32.     Even to the extent Defendant may have paid some overtime premium for recorded hours over fifty, after January 2017, because Defendant did not permit Plaintiff and other Field Inspectors to record all of their hours, many overtime hours went completely uncompensated even, after January 2017.

33.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

34.     Plaintiff seeks to represent a collective of other Field Inspectors who, like Plaintiff, were also misclassified as exempt employees prior to January 2017, and even thereafter were not compensated at their lawful overtime rate for all of their overtime hours, due to the common policies and practices described in paragraphs 21, 25, 27, 28, 31, and 32 above.

35.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

36.     The additional persons who may become Opt-In Plaintiffs in this action also "worked" for Defendant as Field Inspectors, worked under the same terms and conditions, and were denied proper overtime compensation for their overtime hours, due to the policies, practices and procedures described above.

37.     Defendant has violated Title 29 U.S.C. §207 from at least May 2016 to at least August 2017, in that:

A.     Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant;

B.     No payments or provisions for payment have been made by Defendant to

properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA due to the policies and practices described above; and

C.      Defendant has failed to maintain proper time records as mandated by the FLSA.

38.     Defendant's failure and/or refusal to properly compensate Plaintiff, and those similarly situated, at the rates and amounts required by the FLSA was willful.  Defendant was specifically aware at least as early as September 2016 that its employees were owed overtime, but waited months before paying any overtime premiums at all,  did not compensate employees for back wages owed, and even after January 2017 did not properly pay overtime premiums for all hours over forty (40), or permit recording of all compensable time.

39.     Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

<u>**COUNT I**</u>
<u>**RECOVERY OF OVERTIME COMPENSATION**</u>

40.     Plaintiff re-alleges paragraphs 1 through 39 of the Complaint, as if fully set forth herein.

41.     From May 2016 to at least August 2017, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

42.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

43.     Defendant's actions were willful and/or showed reckless disregard for the

provisions of the FLSA, as evidenced by its failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

44.    Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

45.    Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff, and other Field Inspectors, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

46.    Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff (i.e. Field Inspectors) were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant has failed to properly pay Plaintiff proper overtime wages at time and one-half of the lawful regular rate of pay for such hours, pursuant to policies, plans or decisions equally applicable to similarly situated employees.

47.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on behalf of himself and other Field Inspectors employed by Defendant, requests conditional certification; pursuant to Section 216(b) of the FLSA, of the Field Inspectors who worked for Defendant over forty (40) hours in one or more workweeks from the date three years prior to the date this complaint is filed through the date Notice is sent in this matter; an order permitting Notice to all potential class members; a Declaration that Defendant's policy violates the FLSA; entry of judgment in Plaintiff's favor and against

Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 27th day of March 2018.

Respectfully submitted,

**/s/ Angeli Murthy**

Angeli Murthy, Esquire
FL Bar No.:  088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail:  Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*